**Wayne J. PERRY d/b/a/ Wayne J. Perry Photographic Design, Plaintiff,**

v.

**SONIC GRAPHIC SYSTEMS, INC., and Bradley Konia, and Network Analysis Group, Inc. of the Commonwealth of Pennsylvania, Defendants.**

**No. CIV. A. 98–2084.**

United States District Court, E.D. Pennsylvania.

April 11, 2000.

Bart D. Cohen, Berger & Montague, P.C., Philadelphia, PA, for Plaintiff.

Sigmund Fleck, Reger & Rizzo, King of Prussia, PA, David Dunn, Allentown, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff, Wayne J. Perry has sued defendants Sonic Graphics Systems, Inc. ("Sonic"), Bradley Konia, and Network Analysis Group, Inc. ("NAG"), alleging four counts: (i) copyright infringement by Sonic and Mr. Konia; (ii) breach of contract by Sonic; (iii) copyright infringement by NAG; and (iv) contributory infringement by Sonic. This Court has original jurisdiction over Plaintiff's copyright claims under 28 U.S.C. § 1331, and supplementary jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). Presently before the Court is Defendant Sonic's Motion to Dismiss. For the following reasons, Defendant's Motion is denied.

## BACKGROUND

The facts of this case have been set forth in this Court's previous Memoranda.

## DISCUSSION

### I. Subject Matter Jurisdiction

■ Sonic argues that Plaintiff's claim is really a breach of contract claim, not a copyright claim, and therefore that the Court lacks federal question jurisdiction over the case. A similar argument was rejected by Judge Ditter in *Johnston v. Katz*, 1996 WL 107402, at *2, 1996 U.S.Dist.LEXIS 2820, *6 (E.D.Pa.1996). In that case Judge Ditter held that "[a] complaint states a claim 'arising under' federal law sufficient to survive a motion to dismiss for lack of subject matter jurisdiction if it alleges an infringement of a valid copyright and seeks remedies allowed pursuant to the Copyright Act." In this case, Plaintiff's Complaint alleges an infringement of a valid copyright and seeks remedies allowed pursuant to the Copyright Act. *See* Complaint at ¶¶ 34–39, 44–55, Prayer for Relief. The Court agrees with Judge Ditter's resolution of this matter, and finds that the current case clearly arises under the federal copyright laws. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331.

### II. Arbitration Provision

Sonic argues that because the Licensing Agreement contained an arbitration provision, Plaintiff was precluded from bringing his suit in this Court. Plaintiffs respond that Sonic has waived its arbitration rights by substantially delaying before asserting the issue of arbitration. Plaintiff filed his Complaint on April 20, 1998. Sonic did not answer this Complaint for nearly eight months, on December 8, 1998.[1] Sonic's answer stated substantial counterclaims, but did not raise the issue of arbitration. Sonic and Plaintiff engaged in substantial discovery over the following months.

---

1. Defendant NAG had answered on June 26, 1998.

Then, on July 2, 1999, over fourteen months after the Complaint had originally been filed, and four days before the case was scheduled to be placed in the trial pool, Sonic first raised the issue of arbitration. *See* Defendant's Response at 8–9.

██ Waiver of arbitration "is not to be lightly inferred," *Gavlik Const. Co. v. H.F. Campbell Co.,* 526 F.2d 777, 783 (3d Cir.1975) (citations omitted). Nevertheless, the Third Circuit has made clear that when a party delays asserting its arbitration right, and thereby causes prejudice to the other party, "courts have not hesitated to hold that the right to arbitrate has been waived." *See Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 926 (3d Cir.1992). In *Hoxworth,* the Third Circuit found that arbitration was waived where, 11 months prior to seeking arbitration, the petitioner engaged in substantial discovery and motion practice. *See Hoxworth* at 925–27. The following are the factors that can bring about a waiver of arbitration rights: (A) lack of timeliness of the motion to arbitrate; (B) degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; (C) whether the party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; (D) the extent of its non-merits motion practice; (E) its assent to the district court's pretrial orders; and (F) the extent to which both parties have engaged in discovery. *See Id.* at 926–97. *See also PaineWebber, Inc. v. Faragalli,* 61 F.3d 1063, 1069 n. 4 (3d Cir.1995).

### A. Lack of timeliness of the motion to arbitrate.

In this case, Plaintiff's request to arbitrate came fourteen months after the Complaint was filed, and four days before the case was scheduled to be placed in the trial pool-clearly a substantial delay.

### B. Degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims.

Sonic answered Plaintiff's Complaint without referring in any way to arbitration.

### C. Whether the party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings.

Sonic has presented no evidence that it informed Plaintiff of its intention to seek arbitration at any time, let alone at any sufficiently early point in this litigation to prevent waiver.

### D. The extent of its non-merits motion practice.

Sonic did not file any non-merits motions before the Court. This is the only factor that weighs against waiver of arbitration rights.

### E. Its assent to the district court's pretrial orders.

Until Sonic's tardy announcement of its intent to request arbitration in this case, the Court had no reason to believe that Sonic intended to arbitrate the case. Sonic gave all indications that it had assented to the Court's Scheduling Order, for example. Indeed, Sonic's final decision to raise the issue of arbitration appears to have been motivated by the approaching date of entry of this case into the trial pool.

### F. The extent to which both parties have engaged in discovery.

Sonic engaged in extensive written discovery before raising the issue of arbitration. Sonic also deposed Plaintiff long before asserting its right to arbitration.

### G. Conclusion.

Five of the six factors set out by the Court in *Hoxworth,* 980 F.2d at 926–27, weigh strongly in favor of Sonic's having

waived arbitration in this case. Indeed, from a factual perspective the delay in this case seems at least as prejudicial as the delay considered by the Third Circuit to have caused waiver in *Hoxworth,* 980 F.2d 912 (3d Cir.1992). Plaintiff has presented objective evidence of his prejudice suffered if Sonic were allowed to assert its arbitration rights at such a late date. *See* Plaintiff's Memorandum at 9–10. Accordingly, the Court finds that Sonic has waived its arbitration right in this case due to its delay in asserting that right.

## CONCLUSION

Plaintiff's Complaint alleges infringement of a valid copyright, and requests remedies allowed pursuant to the federal Copyright Act. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331.

Defendant substantially delayed asserting its arbitration rights, and therefore has waived them due to prejudice caused to Plaintiff.

An appropriate Order follows.

## ORDER

AND NOW, this ___ day of April, 2000, upon consideration of Defendant Sonic Graphics Systems, Inc.'s Motion to Dismiss (Document No. 24), and Plaintiff's Response thereto, and in accordance with the foregoing Memorandum, it is hereby ORDERED that the Motion is DENIED.