

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2004

# Expofrut SA v. M/V Aconcagua

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3205

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Expofrut SA v. M/V Aconcagua" (2004). *2004 Decisions.* Paper 323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 03-3205 and 03-3357

EXPOFRUT S.A.; BOCCHI AMERICAS ASSOCIATES

v.

M/V ACONCAGUA, HER ENGINES,
MACHINERY, TACKLE, FUEL,
APPAREL, ETC.; SHENLONG
MARITIME PRIVATE LTD.;
ARCTIC REEFERS A.S.

Expofrut S.A.,

Appellant in No. 03-3205

EXPOFRUT S.A.; BOCCHI AMERICAS ASSOCIATES

v.

M/V ACONCAGUA, HER ENGINES, MACHINERY,
TACKLE, FUEL, APPAREL, ETC.; SHENLONG
MARITIME PRIVATE LTD.; ARCTIC REEFERS A.S.

Bocchi Americas Associates,

Appellant in No. 03-3357

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-01276)
Honorable Cynthia M. Rufe, District Judge

Submitted under Third Circuit LAR 34.1(a)
September 24, 2004

BEFORE: MCKEE, ALDISERT and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: September 28, 2004)

OPINION OF THE COURT

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before this court on consolidated appeals by ExpoFrut, S.A.

and Bocchi America Associates, the plaintiffs in this case, from an order entered on July

1, 2003, denying their motion for a stay of this action pending arbitration. The district

court had jurisdiction in this admiralty action under 28 U.S.C. § 1333 and we have

jurisdiction under 9 U.S.C. § 16(a)(1)(A). We will exercise plenary review on this appeal

as we are deciding the case through the application of legal principles on the basis of

essentially undisputed facts. See <u>Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912,

925 (3d Cir. 1992).

The district court in its July 1, 2003 order explained the reasons for denying the

stay as follows:

> On March 13, 2002, Plaintiff filed its Complaint praying for
> complete relief with no reference of its intent to arbitrate. Plaintiff filed
> various ex parte pleadings to affect the arrest and attachment of the
> Aconcagua without any mention of its intent to arbitrate the instant dispute.
> To date, the parties have engaged in extensive discovery from the time of
> the filing of Plaintiff's Complaint until its notice to Defendants of its intent

2

to arbitrate on February 28, 2003, nearly one year after the filing of the Complaint. In addition, Plaintiff submitted a Scheduling Information Report and a Joint Discovery Plan to this Court with no reference of arbitration. Plaintiff's counsel also attended an initial scheduling conference with the Court on February 19, 2003, with no indication that the Plaintiff intended to seek arbitration of the disputes. Therefore, due to Plaintiff's substantial delay in noticing the Defendants of its intent to seek arbitration the Court finds that Plaintiff has waived its right to arbitration. See Hoxworth v. Blinder Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (explaining that waiver is appropriate where the 'demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery'); Perry v. Sonic Graphic Sys., 94 F. Supp.2d 623, 625 (E.D. Pa. 2000) (holding that defendant waived its right to arbitration where there was substantial delay in asserting its arbitration rights thereby causing prejudice to Plaintiff).

App. at 197. In addition, after the appellants filed their notices of appeal the district court, pursuant to Third Circuit Rule 3.1, filed an opinion on August 11, 2003, further explaining the reasons for its conclusions reiterating that the appellants waived their right to seek arbitration and that it would prejudice the appellees to stay the district court action at this time.

After review of this matter we find no merit to this appeal. While we recognize that appellants could commence this case in the district court and obtain preliminary relief, as they did, without at that time waiving their right to seek arbitration, overall their conduct in this case waived the right. We also are satisfied that the scheduling order of February 25, 2003, providing that "[a]ll parties shall have sixty days (60) from the date of this Order to file dispositive motions regarding this Court's jurisdiction" did not preserve or revive appellants' right to seek arbitration as a motion for a stay of an action pending

3

arbitration is simply not the same as a motion to dismiss for want of jurisdiction. In any event, the court by allowing a motion within a given time does not bind itself to a particular disposition of the motion.

The order of July 1, 2003, will be affirmed.

4